# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

**JIMMY ROSE,**                                      Case No.
                                                         Hon.

     **Plaintiff,**

V

**SMITHERS d/b/a THE SMITHERS GROUP, INC.**
a foreign limited liability corporation,

     **Defendant.**
_____/
KENNETH D. FINEGOOD, P.L.C.
KENNETH D. FINEGOOD P36170
Attorney for Plaintiff
29566 Northwestern Hwy Ste. 120
Southfield, MI 48034
248- 351-0608
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, JIMMY ROSE, by and through his attorney, Kenneth D. Finegood, PLC and for his complaint states as follows:

## JURISDICTION AND VENUE

1. This action arises out of a premises accident with jurisdiction of the court based upon 28 U.S.C. 1332 (Diversity of Citizenship).

2. Venue is appropriate in this court pursuant to 28 U.S.C. 1391 as defendant SMITHERS, d/b/a THE SMITHERS GROUP, INC. is a foreign limited

1

liability corporation, incorporated in the state of Delaware and doing business in the county of Chippewa located in the western district of Michigan.

3. The amount in controversy exceeds seventy-five thousand ($75,000.00) dollars.

## COUNT I-PREMISES LIABILITY

4. That plaintiff JIMMY ROSE is a citizen of the state of Arizona domiciled as a permanent resident of the city of Stanfield, AZ.

5. That at the time of the incident complained of defendant SMITHERS d/b/a THE SMITHERS GROUP, INC, (hereinafter referred to as "SMITHERS") was a foreign limited liability corporation, incorporated in the state of Delaware with a principal place of business located at 21105 W. M 28, Brimley, Michigan 49752.

6. That on or about March 9, 2023 defendant SMITHERS either owned, possessed and or exercised control of the premises located at 21105 W. M 28, Brimley, Michigan 49752

7. That defendant SMITHERS had notice that its facility was used by business invitees.

8. That on March 9, 2023 plaintiff JIMMY ROSE, was a business invitee of defendant SMITHERS, lawfully upon defendant's premises when he slipped

and fell violently on the ice covered walking surface of defendant's entire work area thereby sustaining personal injuries as hereinafter set forth.

9. That defendant SMITHERS had a duty to its invitees and plaintiff in particular to maintain its premises in a reasonably safe condition for the benefit of its invitees.

10. That defendant SMITHERS breached its duty to plaintiff by allowing an unreasonably hazardous condition to exist consisting of an ice-covered walking/driving surface over the entire outside work area without posting warnings to invitees of this unreasonably dangerous condition or the need for protective footwear.

11. That defendant SMITHERS created this unreasonably hazardous condition or alternatively knew or should have known that this condition existed, and yet allowed said condition to exist for an unreasonable length of time without taking reasonable precautions after the accumulation of ice to diminish the hazard to its invitees.

12. That the unreasonable risk of danger on defendant's premises was effectively unavoidable to those traversing the walking/driving surface in the work area, thereby constituting a special aspect due to a substantial likelihood of substantial harm if permitted to exist on defendant's property.

3

13. That plaintiff JIMMY ROSE's injuries were the direct and proximate result of the negligence of the defendant, consisting of without being limited to the following:

   a. That defendant maintained its premises in a dangerous and defective condition by allowing ice to exist over the entire walking/driving surface of its outside work area that defendants knew or should have known that said condition on said premises created an unreasonable risk of harm to plaintiff and others lawfully upon said premises.

   b. That defendant failed to warn plaintiff of the dangerous and hazardous condition of its premises by failing to post signs, barricades or using other means to cordon off said area to plaintiff or others lawfully on said premises.

   c. That defendant failed to provide plaintiff a safe and nonhazardous route through the work area.

   d. That defendant failed to diminish the hazard of ice over the entire walking/driving surface in the work area, when it knew or should have known that this condition was unexpected creating an unreasonable risk of injury to invitees.

   e. That defendant created an unreasonable risk of harm by allowing the ice over the entire walking/driving surface in the work area which was effectively unavoidable.

   f. That defendant failed to inspect its premises for unreasonable risks of injury to invitees lawfully upon its premises.

   g. That defendant failed to provide invitees, including plaintiff with protective footwear including micro-spikes despite defendant's knowledge that protective footwear was necessary to traverse its ice-covered walking/driving area.

14. That plaintiff JIMMY ROSE acted with reasonable care and was not comparatively negligent.

15. That as a direct and proximate result of the defendant's negligence, plaintiff JIMMY ROSE sustained severe personal injuries, including but not limited to traumatic brain injury resulting from a skull laceration and hematoma requiring sutures, severe headaches with dizziness, and nausea, neck and upper back injuries, which injuries are progressive and permanent in nature.

16. That if it is established that plaintiff, JIMMY ROSE, was suffering from any of the listed conditions prior to this accident, then and in that event, plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing accident.

17. That as a result of his injuries, plaintiff JIMMY ROSE, has experienced and continues to experience pain and suffering, humiliation, disability, mental anguish, embarrassment, wage loss and has incurred substantial medical and hospital bills for his care and treatment.

18. Further, plaintiff JIMMY ROSE has suffered the loss of his ability to engage in various employment, household, social and recreational activities as a result of his injuries.

Wherefore, plaintiff JIMMY ROSE prays for a judgment against defendant SMITHERS d/b/a THE SMITHERS GROUP, INC., for whatever amount he shall be found to be entitled to together with interest, court costs and attorney fees, incurred.

## COUNT II-NEGLIGENCE

19. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

20. At all relevant times, defendant induced its business invitees, including plaintiff, to believe that its premises including its outside work area were maintained in a reasonably safe and proper condition.

21. The defendant knew or should have known that its ice-covered walkway created an unreasonably hazardous condition created by the winter ice conditions.

22. Defendant knew or should have known that plaintiff, a resident of the state of Arizona would not have notice of the unreasonably hazardous condition created by the entire ice covered walkway and that plaintiff would not take necessary precautions for his own safety.

23. At all times herein mentioned, plaintiff exercised due care and caution and free from any comparative negligence.

24. The defendant owed plaintiff duties, notwithstanding said duties, defendant breached those duties as follows:

    a. Failing to apply salt or de-icer to diminish the hazard of the ice-covered walking surfaces of its premises in a safe and reasonable way.

    b. Failing to communicate to all invitees, including plaintiff, by email, site signage or on-site orientation the requirement for micro-spikes to prevent foreseeable injury due to its ice-covered walkways.

    c. Failing to transport invitees, including plaintiff over its ice-covered walkways despite knowledge of the unreasonable hazard and foreseeable risk of injury.

    d. Failing to provide micro-spikes to invitees, including plaintiff, required to traverse the ice-covered premises despite actual knowledge of the unreasonable hazard and foreseeable risk of injury.

    e. Failing to inspect its premises for unreasonable hazards or to repair and maintain its premises to diminish the hazard of its ice-covered walkways.

25. That as a direct and proximate result of the defendant's negligence, plaintiff JIMMY ROSE sustained severe personal injuries, including but not limited to traumatic brain injury resulting from a skull laceration and hematoma requiring sutures, severe headaches with dizziness, and nausea, neck and upper back injuries, which injuries are progressive and permanent in nature.

26. That if it is established that plaintiff, JIMMY ROSE, was suffering

from any of the aforestated conditions prior to this accident, then and in that event, plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing accident.

27. That as a result of his injuries, plaintiff JIMMY ROSE, has experienced and continues to experience pain and suffering, humiliation, disability, mental anguish, embarrassment, wage loss and has incurred substantial medical and hospital bills for her care and treatment.

28. Further, plaintiff JIMMY ROSE has suffered the loss of his ability to engage in various employment, household, social and recreational activities because of his injuries.

Wherefore, plaintiff JIMMY ROSE prays for a judgment against defendant SMITHERS d/b/a THE SMITHERS GROUP, INC., for whatever amount he shall be found to be entitled to together with interest, court costs and attorney fees, incurred.

**DEMAND FOR JURY IS HEREBY MADE**

Dated: April  24, 2024

s/Kenneth D. Finegood
Kenneth D. Finegood, P.L.C.
29566 Northwestern Hwy Ste. 120
Southfield, MI 48034
248-351-0608
KDFesq44@AOL.com
(P36170)

8